1  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  TRAVIS E. DOWNS III (148274)
   KATHLEEN A. HERKENHOFF (168562)
3  BENNY C. GOODMAN III (211302)
   MARY LYNNE CALKINS (212171)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone: 619/231-1058
   619/231-7423 (fax)
6  travisd@lerachlaw.com
   kathyh@lerachlaw.com
7  bgoodman@lerachlaw.com
   mcalkins@lerachlaw.com
8       –and–
   SHAWN A. WILLIAMS (213113)
9  MONIQUE C. WINKLER (213031)
   AELISH M. BAIG (201279)
10 100 Pine Street, Suite 2600
   San Francisco, CA  94111
11 Telephone: 415/288-4545
   415/288-4534 (fax)
12 swilliams@lerachlaw.com
   mwinkler@lerachlaw.com
13 abaig@lerachlaw.com

14 Lead Counsel for Plaintiffs

15 [Additional counsel appear on signature page.]

16                     UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

| 18 | In re CNET NETWORKS, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Master File No. C-06-03817-WHA<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING COMPLETION OF BOOKS AND RECORDS INSPECTION |
|---|---|---|---|
| 20 21 | This Document Relates To: | | |
| 22 | ALL ACTIONS. | | DATE:  To be determined<br>TIME:  To be determined<br>CTRM:  9, The Honorable William Alsup |

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that as soon as this matter may be heard before the Honorable William Alsup, plaintiffs will, and hereby do, move for an order staying proceedings in this action to allow plaintiffs time to complete a books and records (a/k/a inspection demand) examination of CNET Networks, Inc. ("CNET"). Plaintiffs make this Motion at the invitation of the Court pursuant to its April 30, 2007 Order allowing Leave to Amend and Denying Motion for Reconsideration ("April 30 Order"). Specifically, plaintiffs seek a period of 35 days following CNET's provision of full access to the requested books and records in which to prepare and file an amended complaint. As detailed in the accompanying memorandum, plaintiffs cannot predict CNET's reaction to any such inspection demand, and it is possible that plaintiffs will need to enforce the inspection demand. Accordingly, the stay plaintiffs seek includes the time period necessary to enforce the inspection demand.

This Motion is based on this Notice of Motion and Motion, and the following memorandum of points and authorities.

I. INTRODUCTION

Pursuant to this Court's April 30 Order plaintiffs respectfully move to stay this litigation pending an opportunity to inspect CNET's books and records. The inspection of such books and records is necessary to answer a pivotal question raised by this Court as to whether options granting authority, pursuant to CNET's stock option plans, was delegated from CNET's Board or Compensation Committee to management. As the Court is aware from plaintiffs' prior briefing on this issue, the question of demand futility is to be resolved in plaintiffs' favor regardless of the outcome of the delegation issue, given that the delegation would be an *ultra vires* act. *See Sanders v. Wang*, No. 16640, 1999 Del. Ch. LEXIS 203, at *3, *14 (Del. Ch. Nov. 8, 1999). However, in the interest of resolving the pleadings on an accurate record, a brief stay of this action is appropriate to permit plaintiffs to obtain records to which they are already entitled by statutory law. Plaintiffs seek stock option and compensation committee documents concerning the delegation of options granting authority pursuant to the plans, and documents concerning CNET's special committee investigation and report that bear on the question of delegation.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs previously served a demand to inspect CNET's books and records, but were improperly refused that initial request. The Court has invited plaintiffs to bring a motion to stay the instant action pending completion of plaintiffs' inspection of CNET's books and records. *See* April 30 Order. That aspect of the Order was based on CNET's representation that documents are indeed available for production in response to such an inspection demand.

In its April 30 Order, the Court "noticed the rule in Delaware allowing a shareholder to seek information from the corporation in the form of a books-and-records inspection," and stated that "[i]f plaintiffs wish to pursue this form of 'discovery' . . . the Court would consider a stay of the instant action and postponement of the re-pleading timetable pending expeditious completion of those proceedings." *Id.* at 2-3. By this Motion, plaintiffs seek a stay to allow time to pursue an inspection demand.

## III. A STAY IS WARRANTED PENDING PLAINTIFFS' INSPECTION

A federal district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). *See also Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (affirming order staying the action, and stating "[t]he trial court possesses the inherent power to control its own docket and calendar"). "When and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

This Court should exercise its broad discretion to stay these proceedings to allow plaintiffs an opportunity to inspect CNET's books and records. Although plaintiffs are entitled to discovery beyond the books and records available through an inspection demand,[1] plaintiffs believe that

---

[1] *See generally* Plaintiffs' Opposition to Nominal Defendant CNET Networks, Inc.'s Motion to Stay Discovery (filed Nov. 9, 2006), plaintiffs' Notice of Motion and Motion to Compel; Memorandum of Points and Authorities in Support thereof (filed Nov. 27, 2006), [Corrected] Plaintiffs' Brief Re: Discovery and Leave to Amend (filed Apr. 18, 2007), and Plaintiffs' Motion for Reconsideration (filed Apr. 25, 2007).

1  documents in CNET's files will reveal whether the delegation of options granting authority pursuant
2  to the option plans was authorized or occurred.  The Court has recognized that as among the points
3  plaintiffs raised that "deserv[e] an opportunity for more complete development in a new pleading."
4  April 30 Order at 1.  Specifically, the April 30 Order cited the following issues as meriting more
5  complete development:

> [t]he alleged fact that Colligan and Robison were on the compensation committee when it approved the stock option grants dated April 17, 2000, and that at least one reading of the then-effective stock-option plan (the 1997) plan required *the committee* to determine the number of shares and options to be granted, the exercise price, the vesting and exercise period, leaving nothing to management other than mere execution, a ministerial act, or so it might be if more fully developed in a pleading.

*Id.*  Because CNET's books and records should contain confirmation of those allegations, plaintiffs should be allowed to inspect them.

This Court has cautioned CNET that it expects prompt compliance with plaintiffs' inspection demand.  April 30 Order at 3 ("Given that defendants themselves have raised this prospect [of a books-and-records inspection], the Court would expect prompt compliance.").  Nevertheless, plaintiffs are not in a position to know how CNET will treat the demand.  Assuming compliance, plaintiffs seek 35 days following receipt of all books and records subject to the demand in which to prepare and file an amended complaint.  Should CNET refuse to comply with plaintiffs' demand, plaintiffs will seek judicial intervention in commanding compliance which will prolong the length of the requested stay for a period of time.

## IV. CONCLUSION

For all of the foregoing reasons, plaintiffs' motion to stay the litigation pending their inspection of CNET's books an records should be granted.

DATED: May 7, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
　　RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III
KATHLEEN A. HERKENHOFF
BENNY C. GOODMAN III
MARY LYNNE CALKINS


　　　　s/KATHLEEN A. HERKENHOFF
　　　　KATHLEEN A. HERKENHOFF

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
　　RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
MONIQUE C. WINKLER
AELISH M. BAIG
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
　　RUDMAN & ROBBINS LLP
ELISE J. COHEN
THOMAS G. WILHELM
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\CNET Derivative\MOT00041666.doc

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 7, 2007.

    s/ KATHLEEN A. HERKENHOFF
    KATHLEEN A. HERKENHOFF

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:Kathyh@lerachlaw.com

# Mailing Information for a Case 3:06-cv-03817-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Travis E. Downs, III**
  travisd@lerachlaw.com e_file_sd@lerachlaw.com
- **John C. Dwyer**
  dwyerjc@cooley.com giovannonib@cooley.com
- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com zoila.aurora@lw.com
- **Benny Copeline Goodman, III**
  bennyg@lerachlaw.com e_file_sd@lerachlaw.com
- **Kathleen Ann Herkenhoff**
  kathyh@lerachlaw.com e_file_sd@lerachlaw.com
- **Frank James Johnson**
  frankj@johnsonbottini.com
  brett@johnsonbottini.com,frankb@johnsonbottini.com,emily@johnsonbottini.com
- **William S. Lerach**
  e_file_sf@lerachlaw.com
- **Jung-Ying Joann Liao**
  joann.liao@lw.com
- **James Elliot Lyons**
  jlyons@skadden.com
  wacampbe@skadden.com;btravagl@skadden.com;robert.frings@skadden.com
- **Amy S. Park**
  apark@skadden.com
  wacampbe@skadden.com;rfrings@Skadden.com;btravalgl@skadden.com
- **Kenneth J. Philpot**
  kphilpot@reedsmith.com kbarnacle@reedsmith.com
- **Darren J. Robbins**
- **Anissa D. Seymour**
  anissa.seymour@kattenlaw.com paula.phillips@kattenlaw.com
- **Benjamin Daniel Singerman**
  bsingerman@cooley.com kramerns@cooley.com
- **Laura R. Smith**
  smithlr@cooley.com galancr@cooley.com
- **Christopher J. Sundermeier**
  Sundermeierc@Cooley.com mcintoshjc@cooley.com;sholloway.com
- **Nathan L. Walker**
  nathan.walker@wilmerhale.com
  marisa.alfano@wilmerhale.com;marie.cassidy@wilmerhale.com
- **Philip J. Wang**
  philip.wang@lw.com jill.mcgee@lw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Michael Bongiorno**
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY 10022

**Maura T. Healey**
Wilmer Cutler Pickering Hale & Darr LLP
60 State Street
Boston, MA 02109