IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re CNET NETWORKS, INC. SHAREHOLDER DERIVATIVE LITIGATION. _____/ This Document Relates To: ALL ACTIONS. _____/ | Master File No. C 06-03817 WHA **STAY PENDING BOOKS AND RECORDS DEMAND** |

In order to allow plaintiffs a reasonable period to pursue their rights under Delaware Corporations Code § 220 to inspect books and records and to allow an enforcement action in the Delaware courts, this action will now be **STAYED** until further order. Defendant CNET is requested to cooperate and to expedite the inspection, especially since CNET itself raised the availability of such an inspection in its recent memoranda.

If an enforcement action is brought, then the following may be of assistance to the Delaware court. Recognizing that the inspection rights are a matter of Delaware law and for the Delaware court to decide in the event that the parties cannot agree, the Delaware court may nonetheless desire information as to the categories of books and records that might well shed light on the issues pending before this Court. They would be:

  1. All books and records showing the extent to which the CNET compensation committee delegated (or did not delegate) to management, either expressly or by custom and practice, the authority to select the exercise price or

grant date of stock options under the 1997 plan and, if such delegation occurred, the extent to which the compensation committee was made aware of the exercise prices and dates selected.

    2.    All books and records establishing the specific chronology and events leading to the stock-option grants alleged in the complaint and exercise prices and grant dates associated therewith.

    3.    All books and records needed to determine to whether Messrs. Colligan and Robison received stock options that were backdated.

    4.    All books and records necessary to show the extent to which any minutes or unanimous written consents for the compensation committee (while Colligan and Robison were members) were backdated, at least as to those minutes involving stock-option grants.

The foregoing is without prejudice to other possible requests.

Plaintiffs must make any renewed demand by **MAY 14, AT NOON**. Plaintiffs should not seek to enforce the inspection rights in the instant action but should seek to enforce their inspection rights in the Delaware courts, if at all. If alacrity is not in evidence, the stay will be lifted. A case management conference will be held on **MAY 31, AT 11:00 A.M.** to learn the status and to possibly set further deadlines for the amended pleading and motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 9, 2007.

                                        WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE

2