IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CNET NETWORKS, INC. SHAREHOLDER DERIVATIVE LITIGATION. _____/ This Document Relates To: All Actions. _____/ | No. C 06-03817 WHA **FURTHER CASE MANAGEMENT ORDER SETTING DEADLINES TO FILE AMENDED COMPLAINT** |

Almost a year ago, the Court gave plaintiff a stay and long opportunity to file an action in the Delaware Chancery Court to obtain corporate records to then "beef up" his inadequate (and dismissed) pleading in this action. On November 21, 2007, the Delaware Court ordered the documents produced. On November 28, 2007, this Court issued an order designed to reactivate this case and to allow plaintiff time to digest the new material and to file yet another amended complaint to be followed by the usual motion practice. Defendants represented that all records would be produced within seven to ten days (of November 28). Many months have now gone by with no new pleading. Upon recent inquiry, the Court was told that the two sides had been talking settlement and that while most documents have been produced, some still have not been. The Court's inquiry provoked a joint motion to lift the stay for the limited purpose of filing a motion for preliminary approval of a settlement, filed last Friday.

The Court is disappointed. The parties should have honored their representations. They should have completed the production of corporate records and then filed the amended complaint — long ago.

1  Any settlement, at this early stage, seems very premature, for the Court could not be in a position to evaluate a settlement until we know what claims are viable and what depositions, discovery, and damage assessments show about the strength and magnitude of those claims. At this stage, moreover, plaintiff has no standing at all to negotiate on behalf of the corporation and its shareholders. Plaintiff has never been excused from the demand requirement. Plaintiff is not in any way authorized to release claims on behalf of any shareholders or the corporation. It would be hard to see how plaintiff could do so intelligently without first framing the claims and then performing sufficient due diligence through formal discovery and investigation, including a full damage report. Now, any legitimate settlement reached later may be tainted by what could appear to have been collusion. To deal with this eventuality, all notes and materials generated by or during the recent settlement discussions should be preserved. For the Court's views on collusive settlements *see In Re Zoran Corporation Derivative Litigation*, Case No. 06-5503 WHA, Dkt. 164.

Plaintiff has had plenty of time — indeed, excessive time — to obtain the corporate records via the Delaware Court and to seek enforcement of that order. If counsel have wasted the opportunity to enforce full compliance with the Delaware order then they have no one to blame but themselves.

The best way to tee this case up for a settlement is to find out first of all whether plaintiff even has standing to sue (the demand issue), and thus to release claims on behalf of the corporation, and then to identify all options that were backdated and the dollar value to the corporation of those claims, including the cost of the special committee. It would be very hard to evaluate a settlement without due diligence, including depositions and documents.

Plaintiff shall please file its next amended complaint by April 24 or the case may be dismissed for lack of prosecution. Defendants shall then have fourteen calender days to file any motion to dismiss which shall then be heard on a normal 35-day track. The stay will be lifted once any motion to dismiss has been decided or the deadline for filing one has passed. Please do not request extensions without a very good reason.

Dated: April 7, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE